FILED
CLERK

3/11/2021 10:37 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

For Online Publication Only

STEFAN JEREMIAH,

                                        Plaintiff,

                    -against-

H SQUARED MEDIA GROUP LLC,

                                        Defendant.
-----------------------------------------------------------------------X

**ORDER**

18-CV-5572 (JMA) (AYS)

**AZRACK, United States District Judge:**

Before the Court is the motion of plaintiff Stefan Jeremiah ("Plaintiff") for default judgment against defendant H Squared Media Group LLC ("Defendant") in the amount of $15,990.00. In this copyright infringement action, Plaintiff seeks: actual damages of $3,000.00 pursuant to 17 U.S.C. § 504(b); statutory damages of $10,000.00 pursuant to 17 U.S.C. § 1203(c)(3)(B); and attorney's fees and litigation costs of $2,550.00 and $440.00, respectively, pursuant to 17 U.S.C. § 1203(b)(4)-(5). (ECF Nos. 17-20.) For the reasons stated herein, Plaintiff's motion for default judgment is GRANTED, in part, and DENIED, in part, and Plaintiff is awarded a default judgment against Defendant in the amount of $4,125.00.

## I. DISCUSSION

### A. Defendant Defaulted

Defendant was properly served in this action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action[1].

---

[1] Plaintiff first filed a motion for default judgment on December 3, 2019, which the Court denied without prejudice. Local Rule 55.2(c) requires Plaintiff to mail a copy of the motion for default judgment on Defendant and to file proof of such mailing with the Court but Plaintiff failed to file the necessary proof of mailing with the Court. (Electronic Order, 6/30/2020.) Plaintiff filed a second motion for default judgment on July 1, 2020 and filed a certificate of service of the motion for default judgment on December 7, 2020. (ECF No. 23.)

**B.  Liability**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law.  Id.

Plaintiff alleges that he photographed Katherine Nelson (the "Photograph") and licensed the Photograph to the New York Post.  On February 5, 2015 the New York Post ran an article, titled Delphi CEO's alleged mistress makes first court appearance, that featured the Photograph. Plaintiff's name was included in a gutter credit identifying him as the photographer.  (Compl. at ¶¶ 7-9; ECF No. 1-2.)  Defendant also ran an undated article, titled Wall Street CEO Claims Ex Mistress was a Mail Order Bride, on its website that featured the Photograph.  (Compl. at ¶ 11; ECF No. 1-4.)  The Photograph was registered with the United States Copyright Office on May 18, 2018.  (ECF No. 1-3.)  Plaintiff alleges that Defendant did not license the Photograph from Plaintiff, and Defendant did not have Plaintiff's permission or consent to publish the Photograph on its website.  (Compl. at ¶ 12.)

Here, the allegations in the complaint are sufficient to establish Defendant's liability under 17 U.S.C. § 501 of the Copyright Act and 17 U.S.C. 1202(b) of Digital Millennium Copyright Act for copyright infringement and removal of copyright management information.

**C.  Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'"  Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v.

Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).  "Although requests for damages are usually established by the plaintiff in an evidentiary hearing, the court can make such a determination without a hearing when supported by sufficiently detailed affidavits and documentary evidence."  J & J Sports Prods., Inc. v. LX Food Grocery Inc., No. 15-CV-6505, 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016).

Plaintiff seeks recovery of two categories of damages:  (1) for violation of 17 U.S.C. § 501, Plaintiff seeks $3,000.00 in actual damages for lost licensing fees and Defendant's ill-gotten gains; and (2) for violation of 17 U.S.C. § 1202(b), Plaintiff seeks $10,000.00 in statutory damages for removal of copyright management information.  (ECF No. 18.)

**1. Actual Damages**

Plaintiff requests $1,500.00 in actual damages for lost licensing fees.  "In order to calculate an award of lost licensing fees, courts in this circuit rely upon the market value of the fee the owner was entitled to charge for such use."  Pasatieri v. Starline Prods., Inc., No. 18-CV-4688, 2020 WL 207352, at *4 (E.D.N.Y. Jan. 14, 2020) (quoting On Davis v. The Gap, Inc., 246 F.3d 152, 165 (2d Cir. 2001).  "An award of actual damages may not be based on undue speculation."  Id. (internal citations omitted).

Plaintiff provides only his personal estimate of the amount he would have been able to charge had Defendant contacted him, but provides no further evidence.  Courts in this District have found that a plaintiff's personal estimate of lost licensing fees is insufficient.  See Pasatieri v. Starline Prods., Inc., No. 18-CV-4688, 2020 WL 5913190, at *2 (E.D.N.Y. Oct. 6, 2020) (denying

actual damages for lost licensing fees where plaintiff had "not provided a reasonable basis to substantiate his request for [] actual damages. Neither his personal estimate nor his price calculator provides a reasonable basis to think that this number reflects the fair market value of a license covering [defendant's] alleged infringing use. His personal estimate is not enough because a district court must do more than 'just accept [a party]'s statement of the damages.'" (quoting Transatlantic Marine Claims Agency, 109 F.3d at 111)); Schwartzwald v. Zealot Networks, Inc., No. 19-CV-5979, 2020 WL 8187749, at *3 (E.D.N.Y. Dec. 27, 2020), adopted by, 2021 WL 173996 (E.D.N.Y. Jan. 19, 2021) ("a plaintiff's fail[ure] to submit any documentary evidence—such as invoices for Plaintiff's past licensing fees for his photographs or the Photograph itself, may warrant denial of actual damages.") (internal quotations omitted)). The Court agrees and finds that Plaintiff's personal estimate, with nothing more, is insufficient to provide a reasonable basis to substantiate his request.

Plaintiff also requests $1,500.00 in actual damages for Defendant's ill-gotten gains from using the photograph. However, Plaintiff fails to establish that Defendant made profits of $1,500.00 from its use of the photograph to a reasonable certainty. Plaintiff even admits that "it is unknown what profits Defendant generated from exploitation of the Photograph." (ECF No. 18 at ¶ 18.) Without any evidentiary basis, the Court cannot award ill-gotten gains. See Schwartzwald, 2020 WL 8187749, at *3 (denying requested damages for defendant's alleged profits from use of a photograph and finding that "plaintiff provides no evidentiary basis for the court to infer that defendant's use of the Photograph generated profits of $2,500. Indeed, there is no logical reason to infer that defendant's use of the Photograph to accompany an online article resulted in a profit equal to plaintiff's typical licensing fee or, for that matter, any other ascertainable amount.") Accordingly, Plaintiff is awarded no actual damages.

### 2. Statutory Damages

Second, Plaintiff requests $10,000.00 in statutory damages based on Defendant's removal of copyright management information.  The Digital Millennium Copyright Act ("DMCA") provides that courts may award between $2,500 and $25,000 in statutory damages for violation of § 1202(b).  See 17 U.S.C. § 1203(c)(3)(B).  In determining the amount of statutory damages to award, "courts typically assess the 'circumstances of the violation' and willfulness of the violation." Mango v. BuzzFeed, Inc., 356 F. Supp. 3d 368, 378 (S.D.N.Y. 2019) (internal citation omitted).  Having considered these factors, the Court finds that $2,500.00 in statutory damages is appropriate.  Accordingly, Plaintiff is awarded $2,500.00 in statutory damages.

## D. Attorney's Fees and Costs

Plaintiff also requests an award of $2,550.00 in attorney's fees and $440.00 in litigation costs incurred in litigating this action.  (ECF No. 18.)  When this action was filed, Plaintiff was represented by Richard Liebowitz.  Subsequent to the filing of this default judgment motion, Mr. Liebowitz was suspended from the bar of the Eastern District of New York.  (ECF No. 22.)  On December 25, 2020, James H. Freeman, of the Liebowitz Law Firm, filed a Notice of Appearance on behalf of Plaintiff.  (ECF No. 24.)

As an initial matter, "an attorney may recover legal fees for services rendered prior to suspension or disbarment so long as the misconduct involves does not relate to the representation for which fees are being sought." Vitalone v. City of New York, 395 F. Supp. 3d 316, 324–25 (S.D.N.Y. 2019) (internal quotations omitted); see also Wexler, 2021 WL 260635, at *4–5 (granting Liebowitz fees for work performed prior to his suspension from the bar of the Eastern District of New York); Farrington v. Sell It Soc., LLC, No. 18-CV-11696, 2020 WL 7629453, at

*4 (S.D.N.Y. Dec. 21, 2020) (granting Liebowitz fees for work performed prior to his suspension from the bar of the Southern District of New York).

Pursuant to the DMCA, Plaintiff is entitled to recover reasonable attorney's fees and costs. 17 U.S.C. § 1203(b)(4)-(5).  In determining a reasonable attorney's fees award, both the Supreme Court and Second Circuit "have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted). Such "[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay." Barrella v. Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted).  "[A] district court should generally use the prevailing hourly rates in the district where it sits." Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013).

The Declaration of Richard Liebowitz includes a chart entitled "Statement of Fees." (ECF No. 18 at ¶ 24.)  Based on this chart, counsel seeks to be compensated for six hours of time expended in this case at a rate of $425.00 per hour, bringing the total requested attorney's fees to $2,550.00.  (Id.)  Like other courts in this district, this Court concludes that $425.00 is an unreasonable hourly rate for Mr. Liebowitz and instead finds that an hourly rate of $350.00 is appropriate.  See Farrington, 2020 WL 7629453, at *4 (reducing Mr. Leibowitz's hourly rate from $425 to $350 based on his five years of experience); Wexler, 2021 WL 260635, at *5 (same).  Other courts in this circuit have also reduced the number of compensable hours requested by Mr. Liebowitz based on the simplicity of the cases, boilerplate nature of the allegations, and the fact that Mr. Liebowitz has filed thousands of substantially similar cases.  See Balhetchet v. Su Caso Mktg. Inc., No. 19-CV-4475, 2020 WL 4738242, at *5 (E.D.N.Y. Aug. 14, 2020) (reducing the number of compensable hours requested by Mr. Liebowitz from four and a half to two and a quarter

"in light of the substantial similarity of this case to other cases filed by Plaintiff's counsel before this Court and in this Circuit"); <u>Ozuzu v. Function(x), Inc.</u>, No. 18-CV-6799, 2020 WL 4926247, at *2 (S.D.N.Y. Aug. 21, 2020) (reducing the number of compensable hours requested by Mr. Liebowitz from 6 to 3.5 "[g]iven the simplicity of this case, and the fact that Liebowitz has filed thousands of almost identical cases.")  This Court agrees and finds that 3.5 hours is reasonable.

Plaintiff's counsel also seeks reimbursement for costs totaling $440.00: $400.00 for the court filing fee and $40.00 in personal service fees.  Plaintiff has not submitted any receipts or other documentary proof substantiating the costs incurred.  While the Court may take judicial notice of the $400 filing fee reflected on the docket sheet, the remaining expenditure for service of process lacks documentary proof.  <u>See</u> <u>United States v. Estate of Sobrane</u>, No. 11-CV-4995, 2017 WL 629403, at *10 (E.D.N.Y. Jan. 31, 2017), adopted by, 2017 WL 627412, at *1 (E.D.N.Y. Feb. 15, 2017) ("[A] Court may take judicial notice of the fact that the fee was paid by virtue of entries in the docket.")

Accordingly, Plaintiff is awarded $1,225.00 in attorney's fees and $400.00 in litigation costs.

## II.  CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted, in part, and denied, in part.  The Clerk of the Court is respectfully directed to enter judgment against Defendant as follows: Defendant H Squared Media Group LLC is liable to Plaintiff Stefan Jeremiah for $2,500.00 in statutory damages under 17 U.S.C. § 1203(c)(3)(B); $1,225.00 in attorney's fees 17 U.S.C. § 1203(b)(5); and $400.00 in litigation costs 17 U.S.C. § 1203(b)(4), for a total award of $4,125.00.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated:  March 11, 2021
Central Islip, New York

      /s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE